# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL MULLINS<br>33 Clemson Rd.<br>Cherry Hill, NJ 08034 | CIVIL ACTION |
| PLAINTIFF,<br>v. | No. _____ |
| GARCES RESTAURANT GROUP, INC.<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | **JURY TRIAL DEMANDED** |
| LATIN QUARTER CONCEPTS, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| LA CASA CULINARY CONCEPTS, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| GR300, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| GRGMORRISTOWN, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| GARCES CATERING 300, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| GRFC1, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| GRGFC2, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |
| GRGBOOKIES, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | |

| | |
|---|---|
| CONDOR LATIN CONCEPTS, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| GRG CHUBB1, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| GRG2401, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| GRGAC4, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| LA CIUDAD, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| LUNA FARMS, LLC;<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| GRGDC2, LLC; AND<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| GRAND AVENUE COFFEE, LLC<br>2401 Walnut Street, Suite 300<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : |
| DEFENDANTS. | : <br> : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Carl Mullins (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Garces Restaurant Group Inc., and all above named entities (hereinafter referred to collectively as "Defendants" unless indicated otherwise) for violations of

the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance (PFPO).[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

---

[1] Plaintiff's claim under the PHRA and PFPO are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA and PFPO claims however will mirror identically his federal claims under the ADA.

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Garces Restaurant Group Inc. is a business incorporated in the state of Pennsylvania, owned and operated by Jose Garces, which business provides restaurant and catering services throughout the Philadelphia area, New Jersey and New York, and is headquartered at the above-captioned address.

8. Defendants: La Casa Culinary Concepts, LLC; Latin Quarter Concepts, LLC; GR300, LLC; GRGMorristown, LLC; Garces Catering 300, LLC; GRFC1, LLC; GRGFC2, LLC; GRGBookies, LLC; Condor Latin Concepts, LLC; GRG Chubb1, LLC; GRG2401, LLC; GRGAC4, LLC; La Ciudad, LLC; Luna Farms, LLC; GRGDC2, LLC; and Grand Avenue Coffee, LLC. are all affiliated entities of Defendant Garces restaurant Group Inc.

9. As to those businesses referenced in paragraph 8 of the Complaint, Plaintiff performed the duties of Chief Financial Officer for same, as these business were not kept separate from the overall operations of Defendant Garces Restaurant Group Inc.; rather, Jose Garces (owner of Defendant Restaurant Group Inc.) had ultimate authority and responsibility for these businesses and tasked Plaintiff with handling the financial aspects of these businesses, including but not limited to: business risk management, any IRS audits (or preparation therefor), cash flow management, forecasting, performing due diligence work, financial modeling, managing accounts receivable/payable (to the extent that specific business was operable), handling payroll functions, reviewing negotiating and approving contracts for these entities, engaging in business contracts with prospective/current vendors for these entities, and in sum ensuring that the above entities were in financial compliance with applicable business/industry standards.

10. Although Joes Garces would hire an onsite operations manager (or equivalent management position depending on the size/type of business entity listed) for his businesses aforementioned in paragraph 8 of the Complaint, he ultimately maintained full authority over all business decisions for each entity and operated same as a single group under the umbrella of Defendant Garces Restaurant Group, LLC.

11. Therefore, while Plaintiff was "employed" on the payroll for Defendant Garces Restaurant Group Inc., he equally performed his same job duties as CFO for each of the above entities listed in paragraph 8 of the Complaint.

12. Although Defendant Garces Restaurant Group Inc. was Plaintiff's primary employer (and on his paychecks), he worked for numerous affiliated entities all listed in the above paragraph which are all properly construed as a joint, single and/or integrated employer under the ADA/PHRA/PFPO, as they all operated as a single enterprise.

13. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. At all relevant times, Defendants operates numerous restaurants and bars throughout Philadelphia, New Jersey and New York.

16. Plaintiff physically worked for Defendants at the 2401 Walnut Street, Philadelphia, PA address.

17. Plaintiff was initially hired to work for Defendants on a "consulting basis" for approximately four (4) months before he was hired as a full time permanent employee on or about June 19, 2017 with the title of Chief Financial Officer ("CFO").

18. The reason Plaintiff was initially hired on a consulting basis through a staffing firm was due to the financial status of Defendants at the time Plaintiff was placed to work within Defendants; however, management continually emphasized Plaintiff's worth to them and their desire to have him transition to a full time permanent employee once they obtained sufficient funding to do so.

19. During his tenure, Plaintiff was a hardworking and dedicated employee, who did not experience any disciplinary incidents and performed his job well.

20. Plaintiff was putting in 70, 90 and sometimes 100-hour work weeks as he was attempting to overhaul Defendants' accounting books, prepare for audits (both those underway and anticipated), and as Defendant's two (2) most recent CFO's were not properly handling their job functions for Defendants.

21. Therefore, Plaintiff's job required him to reorganize, audit, reconcile and rectify prior ineffective accounting practices, errors and significant disorganization.

22. It was known to Defendants' owner, Jose Garces ("Garces"), that it was going to take quite some time for Plaintiff to reorganize the books and rectify some of the poor accounting practices left by the most recent CFOs' departures.

23. Garces had multiple discussions with Plaintiff about his anticipated worth to Defendant companies and the investment Defendants were making in him (and vice versa).

24. Garces stressed the importance of working very long hours, including Saturdays and holidays if necessary to get the jobs done.

25. In late June of 2017, while at work, Plaintiff was experiencing chest palpitations, was dizzy/light-headed and was concerned he was having a stroke (as Plaintiff had a previous history of TIAs).

26. Plaintiff contacted his doctor, who recommended that Plaintiff go to the Emergency Room (ER); Plaintiff immediately went to the ER and was accompanied there by Defendant's receptionist.

27. Plaintiff was then admitted to the hospital and a separate inpatient facility for mental health diagnoses (as aforementioned *infra*); he ultimately remained at the in-patient facility for a period of approximately ten (10) days.

28. Plaintiff kept Defendants' management apprised of his hospitalization and need for time off from work until he was cleared to return.

29. Plaintiff suffers from various mental health conditions, including but not limited to, Attention Deficit Disorder, Depression, and Anxiety.

30. Plaintiff has treated for his various mental health conditions for decades.

31. These conditions substantially impair various major life activities of Plaintiff, including but not limited to at times, his ability to work, think and concentrate.

32. Upon his return to work from his inpatient stay, Plaintiff provided a medical note for his absences, spoke with Defendant's Human Resources Director (Matt Dewitt), and provided intimate details about his mental health conditions, including sharing the various medications he was prescribed for same.

33. Plaintiff also specifically conveyed to Garces that he was hospitalized for his mental health conditions (giving very explicit details about the bases for his stay), and also confirmed that it was not a stroke.

34. Plaintiff was still putting in a full work week (and in excess of 40 hours) but was not able to maintain a 70-90-hour work week immediately upon his return, as he requested and was required by his doctor(s) to get his health back on track following his hospitalization and to adhere to a treatment plan.

35. In close proximity to Plaintiff's disclosure of his health problems, and need for reasonable accommodations (including brief time off and slightly reduced hours) Defendants' management exhibited very little patience in their dealings with him and became hostile, including using foul language when insisting that certain assignments by completed.

36. Plaintiff worked for Defendants through August 4, 2017, at which time he was abruptly terminated.

37. Plaintiff's termination was conveyed by Defendants' then Chief of Restructuring (John Fioretti), who informed Plaintiff they were just "not happy" with him.

38. However, this is the very first time anyone within Defendants expressed any discontent about the status of Plaintiff's performance or any lack of satisfaction with him.

39. In fact, Plaintiff had been receiving numerous emails and informal feedback demonstrating that Defendants were satisfied with Plaintiff's handling of customers/clients; when Plaintiff did transition from the staffing firm to Defendants on a full time permanent basis, his file reflected nothing but glowing reviews about his work for Defendants.

40. Finally, although Plaintiff was given no indication that his termination was for cause or any form of misconduct, Defendants arbitrarily refused to honor a contractual agreement

they had entered into with him for a period of severance in the event they severed his employment contract sooner than outlined in said agreement.

41. Defendants were also so hasty in their desire to separate Plaintiff in light of his recent health concerns - that they denied him access to various health insurance benefits information to which he was legally entitled.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
(Discrimination & Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff timely filed a Charge and received a notice of right-to-sue from the EEOC, thus properly exhausting his administrative remedies to proceed herein (by also timely filing the instant lawsuit).

44. Plaintiff was terminated due to actual, perceived and/or his record-of impairments, and in very close proximity to disclosing his mental health conditions and need for time off of work/reduced hours.

45. Defendants also failed to engage in interactive processes with Plaintiff about his medical needs, failed to accommodate him by insisting he work very long hours despite his recent hospitalization and stated health needs, and retaliated against him for requesting accommodations referenced throughout this Complaint.

46. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to reinstatement to his prior position and benefits, damages for emotional distress, and for pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 4, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Carl Mullins | : | CIVIL ACTION |
| v. | : | |
| Garces Restaurant Group, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 5/4/2018 | | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 33 Clemson Road, Cherry Hill, NJ 08034

Address of Defendant: 2401 Walnut Street, Suite 300, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/4/2018   _____   ARK2484
Attorney-at-Law   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/4/2018   _____   ARK2484
Attorney-at-Law   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MULLINS, CARL

**DEFENDANTS**
GARCES RESTAURANT GROUP, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/4/2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]